UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOSE I. SALAS,      a/k/a JOSE ISMAEL SALAS,[1]      Petitioner,  v.  RAY ORMOND, *Warden*,[2]      Respondent. | Civil Action No. 6:15-CV-219-GFVT  **MEMORANDUM OPINION & ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Jose I. Salas, a/k/a/ Jose Ismael Salas, is a federal inmate in the custody of the Bureau of Prisons (BOP), and is currently confined at the United States Penitentiary ("USP")-McCreary, located in Pine Knot, Kentucky. Proceeding without counsel, Salas has a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [R. 1], in which he challenges the manner in which the BOP has calculated the term of his federal sentence. Specifically, Salas seeks an order directing the BOP to credit his sentence with the time that he spent in state custody between April 5, 2007, and September 24, 2008.

The Court has reviewed Salas's § 2241 petition and the attachments thereto which include the BOP's responses to Salas's administrative remedy requests and other official court records from the federal court in McAllen, Texas where Salas was convicted of Racketeering.

---

[1] The Bureau of Prisons ("BOP") identifies Salas, BOP Register No. 05332-748, as "Jose Ismael Salas." *See* https://www.bop.gov/inmateloc/ (last visited on April 11, 2016). The Clerk of the Court will therefore be instructed to list, on the CM/ECF cover sheet, "Jose Ismael Salas" as an alias designation for Petitioner Jose I. Salas.

[2] J.C. Holland was the Warden of USP-McCreary when Salas filed this proceeding on December 7, 2015. The Court takes judicial notice of the fact that the current Warden of USP-McCreary is now Ray Ormond. Accordingly, the Clerk of the Court will be instructed to substitute, on the CM/ECF cover sheet, Ray Ormond as the Respondent to this action, and to terminate J. C. Holland as the Respondent to this action.

As explained below, Salas's § 2241 petition will be denied, because Salas has not set forth grounds entitling him to the credit which he requests be applied to the 240-month federal sentence which he is now serving.

# I

Salas's state and federal convictions are summarized below, based on information set forth in Salas's § 2241 petition and attachments thereto, and information obtained from the federal judiciary's online database, Public Access to Court Electronic Records ("PACER"), relative to Salas's federal criminal proceeding in McAllen, Texas.

On October 23, 2006, Salas was held in state custody in the State of Texas where he was charged with Burglary of a Building. On November 11, 2006, Salas was sentenced in the State of Texas to a four (4)-year term of incarceration for Burglary of a Building in Case No. CR-1616-04-E ("the State Sentence"). *See* Warden Richard B. Ives's June 25, 2012, Response [R. 1-2, p. 2] to Salas' Administrative Remedy Request.

On March 27, 2007, an indictment was handed down in federal court in McAllen, Texas, charging Salas and numerous co-defendants with Racketeering in violation of 18 U.S.C. § 1961; conspiracy to distribute narcotics and controlled substances, in violation of 21 U.S.C. §841(a)(1); and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). *United States v. Jose Ismael Salas*, No. 7:07-CR-231-1 (S.D. Tex. 2007).

On March 30, 2007, the district court issued a federal writ of *habeas corpus ad prosequendum* in Salas's federal criminal case, directing the United States Marshal Service ("USMS") to transport Salas from the Hidalgo County Jail in Edinburg, Texas, to the district court for his initial appearance in the federal proceeding. *See id*. [R. 154.] Salas's Detention and

Arraignment proceeding in the federal case transpired on April 5, 2007, at which time Salas pleaded not guilty. [R. 74.] On September 24, 2008, while still in the custody of the USMS pursuant to the writ of *habeas corpus ad prosequendum*, Salas was paroled *in absentia* from the State Sentence.

On August 29, 2011, the district court in McAllen, Texas, sentenced Salas to a 240-month prison term for Racketeering ("the Federal Sentence"). *See* Minute Entry [R. 817]; *see* "Judgment in a Criminal Case" entered on October 10, 2011 [R. 826]. The federal sentence recommended that Salas's federal sentence "…run concurrently with any imprisonment term that may be imposed in any impending state matter." [R. 826 at 2.] But because Salas had been paroled from the state sentence on September 23, 2008--long before the federal sentence was imposed on August 29, 2011-- there no longer existed any state sentence with which the federal sentence could run concurrently. *See* April 17, 2013, Response from Harrell Watts, Administrator, National Inmate Appeals [R. 1-2 at 4].

The BOP has determined that Salas began serving his 240-month federal sentence on August 29, 2011, the date on which the federal sentence was imposed. *See* January 30, 2013, Response of "C." Eichenlaub, Regional Director of the BOP Mid-Atlantic Region. [*Id*. at 3.] The BOP has applied credit to the federal sentence for the time which Salas spent in state custody between September 24, 2008 (the date on which Salas was paroled from the state sentence), and August 28, 2011 (the day before the federal sentence was imposed). [*Id*.] The BOP has also credited the federal sentence with four days of "jail credit," representing the time which Salas spent in state custody between November 21, 2006, and November 25, 2006. [R. 1-2 at 6.]

3

II

In his § 2241 petition, Salas contends that the BOP should be ordered to credit the federal sentence with the time that he spent in state custody between April 5, 2007 (the date on which he came into federal custody pursuant to the writ of *habeas corpus ad prosequendum*), and September 24, 2008 (the date on which he was paroled from the state sentence). [R. 1-1 at 3.] Salas appears to be basing his argument on the fact that the district court ordered the federal sentence to run concurrently with "any state imprisonment served." [*Id*.]

The BOP refuses to award such credit to the federal sentence, explaining that any and all time which Salas spent in state custody prior to September 24, 2008, was previously credited to the state sentence, and that 18 U.S.C. § 3585(b) prohibits crediting a federal sentence with any time that has already been applied to another sentence, which would include the time-period for which Salas seeks credit. *See* BOP denials of Salas's administrative remedy request and appeals. [R. 1-2 at 2-6.]

In denying Salas's final administrative appeal, Harrell Watts further explained that the time which Salas spent in the secondary custody of USMS pursuant to the writ of *habeas corpus ad prosequendum* does not qualify as time that can be credited to the federal sentence. *See* Watts Response at p. 5. Finally, Watts declined to grant a *nunc pro tunc* (retroactive) designation of the facility where Salas served the state sentence as the place where he is serving the federal sentence, stating that the credit which Salas was requesting was not appropriate. [*Id*. at 6.] According to the BOP's website, Salas's projected release date (from federal custody) is February 21, 2026. *See* https://www.bop.gov/inmateloc/ (last visited on April 11, 2016).

The BOP has properly concluded that Salas is not entitled to credit on the federal sentence for the time that he spent in state custody between April 5, 2007 (the date on which the district court issued the writ of *habeas corpus ad prosequendum*) and September 24, 2008 (the day on which Salas completed service of the State). It is the Attorney General, through the BOP, who is authorized to grant credit for any presentence detention to a prisoner. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992). Prior custody credit on a federal sentence is controlled by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

As the statute expressly provides, a defendant is only entitled to credit for time "that has not been credited against another sentence." In essence, § 3585(b) bars awarding any credit toward a federal sentence for time that a prisoner spent incarcerated in primary state custody, if that time was credited to the prisoner's state sentence. *Wilson*, 503 U.S. at 337 ("Congress has made clear that a defendant could not receive double credit for his detention time."). The Sixth Circuit has consistently held that if a prisoner has received credit towards his state sentence for time spent in detention, he may not also receive prior custody credit toward his federal sentence for the same period of time. *See*, *e.g.*, *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.

5

1993); *Garrett v. Snyder*, 42 F. App'x 756 (6th Cir. 2002); *Huffman v. Perez*, 230 F.3d at 1358, 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000).

As the BOP explained during the administrative remedy process, the state of Texas paroled Salas from the state sentence on September 24, 2008, which means that Salas completed service of the state sentence on September 24, 2008. The BOP has also explained that the state of Texas credited the state sentence with the time that Salas served in state custody between April 5, 2007, and September 24, 2008. Therefore, Salas cannot receive credit on the federal sentence for the period of time between April 5, 2007, and September 24, 2008, because credit for that time-period was previously applied to the state sentence, and any further benefit would result in improper "double crediting," a result which 18 U.S.C. § 3585(b) prohibits. *See Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) ("Because Broadwater received credit toward his state sentence for the time in question, he may not receive credit for this time toward his current federal sentence. *See* 18 U.S.C. 3585(b).... If Broadwater were credited for this time against his current federal sentence, he would receive improper double credit."); *Ramirez v. Withers*, No. 6:13-43, 2013 WL 2903278, at *4 (E.D. Ky. June 13, 2013) (holding that since the time which the § 2241 petitioner spent in state prison was credited against his state sentences, he could not use that time to "receive improper double credit" against his federal sentence); *Wallace v. D.L. Stine*, No. 08-287, 2009 WL 2026385, at *13 (E.D. Ky. July 9, 2009) ("... Congress has specified that the credits are limited to time 'that has not been credited against another sentence.'"). Thus, under these facts and the prohibition against double sentencing credits, no further custody credit toward the federal sentence is warranted.

Related to the federal sentencing goal set forth in § 3585(b) is the principle of primary jurisdiction explained in *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922), wherein the Supreme Court first recognized the doctrine of primary custody, to provide an orderly method of prosecuting an individual who has violated the law of more than one sovereign.  Under the doctrine of primary jurisdiction, the sovereign that first arrests an individual has primary control or custody over him, its claim over him has priority over all other sovereigns that subsequently arrest him, it is entitled to have him serve a sentence that it imposes before he serves any sentence imposed by another sovereign, and it retains this priority, unless and until it has relinquished its jurisdiction to some other sovereign.  *Id.*; *see also United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002); *Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982); *In re Liberatore*, 574 F.2d 78, 88-89 (2nd Cir. 1978); *Rambo v. Hogsten*, No. 10-116, 2010 WL 4791970 at *4 (E.D. Ky. Nov.17, 2010) ("When a defendant violates the laws of two different sovereigns, the rule is that the sovereign which first arrests him acquires the right to prior and exclusive jurisdiction over him.") (internal quotations omitted).

Thus, if state authorities have primary jurisdiction over a prisoner, federal custody will not begin until state authorities relinquish the prisoner on satisfaction of his state obligation. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); *Jake v. Herschberger*, 173 F.3d 1059 (7th Cir. 1999); *Banks v. United States*, No. 2:12-CV-2175, 2013 WL 3564135, at *2 (W.D. Tenn. July 11, 2013); *Jones v. Farley*, No. 4:12-CV-0671, 2012 WL 4506002, at *3 (N.D. Ohio Sept. 28, 2012).  But in the situation where a prisoner is taken into federal custody merely pursuant to a writ of *habeas corpus ad prosequendum*, the state retains primary jurisdiction over him, and

primary jurisdiction is not transferred to federal authorities. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at *2 (6th Cir. September 27, 2000) (Table); *United States v. Evans*, 159 F.3d 908, 911–12 (4th Cir. 1998); *Wardell v. Wilson*, No. 10-CV-294, 2011 WL 6027072, at *3 (E.D. Ky. Dec. 5, 2011); *see also* BOP Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)* (providing that time spent under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting pre-sentence time in custody).

Here, the state of Texas arrested and sentenced Salas before federal authorities arrested him, and therefore Texas state officials had primary jurisdiction over Salas between April 5, 2007, and September 24, 2008 (the latter being the date on which Salas completed service of the state sentence). During this time-period, Salas was only secondarily in the federal custody (under the control of the USMS) pursuant to the writ of *habeas corpus ad prosequendum*. Nothing in the record suggests that the state of Texas relinquished its primary jurisdiction over Salas until September 24, 2008, the date on which Texas authorities paroled Salas from the state sentence.

Title 18 U.S.C. § 3585(a) establishes that a federal sentence cannot commence earlier than the date on which it is imposed. Here, the federal sentence was imposed on August 29, 2011, which was the earliest date on which Salas could have begun serving that sentence. Salas correctly notes that the district court recommended the federal sentence run concurrently with any prison term "that may be imposed in any pending state matter," but Salas received the benefit of the district court's concurrent sentence recommendation because the BOP applied "jail credit" to the federal sentence for the period of time that Salas spent in state custody between

September 24, 2008 and August 28, 2011.  Thus, consistent with the district court's recommendation of concurrent sentences, Salas received almost three years of retroactive "jail credit" toward the federal sentence, all of which predated August 29, 2011, the date on which the federal sentence commenced.

Given these events, the BOP therefore properly credited the federal sentence with pre-custody "jail credit" for the period of time that Salas spent in state custody between September 24, 2008, and August 28, 2011, but properly refused to credit the federal sentence for the time that Salas spent in state custody between April 5, 2007, and September 24, 2008.  *See Huffman*, 2000 WL 1478368, at *2 (denying pre-sentence credit to the § 2241 petitioner for the 26½ months which he spent primarily in the custody of North Carolina and secondarily in the custody of the USMS pursuant to the writ of *habeas corpus ad prosequendum*); *Nguyen v. Department of Justice*, 1999 WL 96740 (6th Cir. Feb. 3, 1999) (holding that time spent in federal custody pursuant to a writ of *habeas corpus ad prosequendum* while serving a state sentence could not be applied to a federal sentence because the time was credited to the state sentence.)

### III

In light of the foregoing considerations, the Court will deny Salas's habeas petition because he is not entitled to credit on the federal sentence for the time he spent in state custody between April 5, 2007, and September 24, 2008.  The BOP has applied all of the credit to the federal sentence which it is required to apply under the applicable federal sentencing statutes and the facts of this case.  Accordingly, **IT IS ORDERED** that:

1.     The Clerk of the Court shall **LIST** on the CM/ECF cover sheet "Jose Ismael Salas" as an alias designation for Petitioner Jose I. Salas.

2.     The Clerk of the Court shall **SUBSTITUTE** on the CM/ECF cover sheet, Ray Ormond as the Respondent to this action, and to **TERMINATE** J. C. Holland as the Respondent to this action.

3.     Salas's 28 U.S. C. § 2241 petition for a writ of habeas corpus [**R. 1**] is **DENIED,** and the Court will enter an appropriate Judgment.

4.     This matter is **STRICKEN** from the docket.

This April 29, 2016.

Gregory F. Van Tatenhove
United States District Judge